FILED
97 APR -3 AM 8:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 0 3 1997

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY STERN and ROBERT STERN, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 97-G-0519-S |
| MUTUAL LIFE INSURANCE COMPANY OF NEW YORK; JAMES M. GRAYSON, an individual; and DONALD L. HERMAN, an individual, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This cause is before the court upon the motion of plaintiffs to remand and the motion of defendants to stay. The plaintiffs move for remand based upon the lack of diversity jurisdiction. The defendants argue that removal was proper based upon 28 U.S.C. § 1367, the supplemental jurisdiction statute.

It is without dispute that complete diversity is lacking. The defendants, however, argue that the supplemental jurisdiction statute provides the necessary jurisdictional basis for removal. They argue that because there are other pending actions in "the district courts," this action was properly removed because of jurisdiction allegedly conferred by the supplemental jurisdiction statute. Section 1367(a) provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The defendants argue that the use of the plural "district courts" evinces a congressional intent to provide supplemental jurisdiction in this case because there are other cases pending that assert similar claims. They argue that the statute would affords jurisdiction because the claims asserted are "so related to claims in the action within such original jurisdiction [e.g., the cases subject to multi district litigation] that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(a). This, however, is an interpretation against the clear language of the statute.

The statute begins: "<u>In any civil action</u> of which the district courts have original jurisdiction . . . ." This clearly shows that the statute affords supplemental jurisdiction over additional claims only in an <u>existing</u> civil action. The clear wording demonstrates what should be obvious—the jurisdiction provided by the statute is <u>supplemental</u>. "Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction." <u>Palmer v. Hospital Authority of Randolph County</u>, 22 F.2d 1559, 1565 (11th Cir. 1994).

2

The defendants fail to recognize that supplemental jurisdiction applies only to <u>claims</u> ("jurisdiction over all other claims"), and for its existence relies on the existence of a <u>case</u>, otherwise properly before the court, to which those supplemental claims may be attached.  The defendants do not seek to attach supplemental claims to any currently pending federal case.  Nor do they attempt to bring along claims, that would otherwise not be removable, with a properly removed case; that is, one with independent grounds for jurisdiction.  Instead, they seek to create, through removal, an independent case separate and apart from the currently pending federal cases.  If the <u>plaintiffs</u> in the instant action had sought to file this action in federal court initially, the fallacy of defendants' argument would be apparent.  Section 1367(a) would clearly not apply.

> A case may not be brought in federal court on the grounds of supplemental jurisdiction alone.  By definition, such jurisdiction must be attached to another basis of jurisdiction.

<u>Palmer</u>, at 1565.  The court in continued in a footnote to the above:

> The language of section 1376(a) confirms this principle.  It allows supplemental jurisdiction only when there is already original jurisdiction.  Supplemental jurisdiction itself cannot be the basis for exercising supplemental jurisdiction; therefore, supplemental jurisdiction is not original.

<u>Palmer</u>, at 1565-66, n.6.  Clearly the court recognized that such bootstrapping of original jurisdiction would be improper.

3

The fallacy of defendants reasoning would be apparent if they were attempting to do what the statute contemplates; assert new claims against new parties <u>in an existing action</u>. The defendants' removal petition asserts that diversity of citizenship provides the basis for original jurisdiction in those actions that allegedly give rise to the application of Section 1367(a) in the instant case. If the parties to the existing actions sought to bring in the additional parties and the additional claims that form the basis of the instant action, or if those parties sought to intervene, Section 1367(b) would prohibit the exercise of supplemental jurisdiction as to the claims by non-diverse parties.

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). It would, therefore, be illogical to construe Section 1367 as affording jurisdiction in a separate case <u>when by its own terms it would not allow the claims to be asserted in the action purportedly giving rise to its application</u>.

For these reasons, the court finds Section 1367 to be inapplicable in the instant case. There being no basis for subject matter jurisdiction over this action, it is due to be remanded.

Because the action is clearly due to be remanded for want of jurisdiction, the court can conceive of no reason to stay proceedings so as to allow another district court to rule on the motion to remand. If the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay. It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action. This determination involves no issues that the putative transferee court in the multi-district action would be uniquely qualified to address. Therefore, defendants' request for a stay of proceedings should be denied.

An appropriate order will be entered contemporaneously herewith.

DONE this 2d day of April 1997.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.